UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| JOHN DELORME YELLOWCALF aka JOHN YELLOWCALF-DELORME,<br><br>Plaintiff,<br>v.<br><br>SKAGIT COUNTY SHERIFF'S OFFICE, et al.,<br><br>Defendants. | CASE NO. 2:24-CV-353-TL-DWC<br><br>REPORT AND RECOMMENDATION<br><br>Noting Date: July 15, 2024 |

Plaintiff John Delorme Yellowcalf, proceeding *pro se* and *in forma pauperis*, initiated this civil rights action on March 13, 2024. *See* Dkt. 1. As Plaintiff has failed to file an amended complaint and failed to keep the Court advised of his current address, the Court recommends dismissing this action without prejudice.

The relevant procedural history shows that, on April 2, 2024, the Court declined to serve Plaintiff's Complaint and directed Plaintiff to file an amended complaint ("Order"). Dkt. 5. The Court warned that it would recommend this case be dismissed if Plaintiff failed to file a response to the Order by May 3, 2024. *Id*. On April 19, 2024, the Order was returned to the Clerk's Office as undeliverable. Dkt. 6. Plaintiff has not responded to the Order and has not updated his address with the Court.

REPORT AND RECOMMENDATION - 1

A party proceeding *pro se* shall keep the Court and opposing parties advised as to his or her current mailing address. Local Rules, W.D. Wash. LCR 41(b)(2). If mail directed to a *pro se* plaintiff by the Clerk is returned by the Postal Service, and if such plaintiff fails to notify the Court and opposing parties within 60 days thereafter of his or her current mailing address, the Court may dismiss the action without prejudice for failure to prosecute. *Id.*

Here, Plaintiff has not kept the Court advised as to his current mailing address. He has also failed to respond to the Order and has not provided the Court with a servable complaint. Accordingly, the Court recommends dismissal of this action without prejudice for failure to prosecute under Local Rule 41(b)(2) and for failure to state a claim. As Plaintiff has failed to state a claim upon which relief can be granted, the Court recommends this case count as a "strike." *See* 28 U.S.C. 1915(g); *see also* Dkt. 5.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this report to file written objections. *See also* Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of *de novo* review by the district judge, *see* 28 U.S.C. § 636(b)(1)(C), and can result in a waiver of those objections for purposes of appeal. *See Thomas v. Arn*, 474 U.S. 140, 142 (1985); *Miranda v. Anchondo*, 684 F.3d 844, 848 (9th Cir. 2012) (citations omitted). Accommodating the time limit imposed by Fed. R. Civ. P. 72(b), the Clerk is directed to set the matter for consideration on July 15, 2024, as noted in the caption.

Dated this 24th day of June, 2024.

David W. Christel
United States Magistrate Judge

REPORT AND RECOMMENDATION - 2